UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JUAN CARLOS FLORES
MARCIA,**

> **Petitioner,**

**v.**                                                                  **Case No.:  6:26-cv-290-CEM-LHP**

**LOUIS A. QUINONES, JR.,
WARDEN OF ORANGE COUNTY
JAIL; GARRETT RIPA, FIELD
OFFICE DIRECTOR OF
ENFORCEMENT AND REMOVAL
OPERATIONS, MIAMI, FIELD
OFFICE, IMMIGRATION AND
CUSTOMS ENFORCEMENT;
KRISTI NOEM, SECRETARY, U.S.
DEPARTMENT OF HOMELAND
SECURITY; PAMELA JO BONDI,
U.S. ATTORNEY GENERAL; and
U.S. DEPARTMENT OF
HOMELAND SECURITY,
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW,**

> **Respondents.**
_____/

**AMENDED ORDER**

THIS CAUSE is before the Court on Petitioner Juan Carlos Flores Marcia's

Petition for Writ of Habeas Corpus ("Petition," Doc. 1) under 28 U.S.C. § 2241 and

Emergency Motion for Reconsideration of Order of Transfer (Doc. 8). Respondents

filed a Response in Opposition to the Petition (Doc. 6) and a Response in Opposition to the Emergency Motion (Doc. 12). For the following reasons, Petitioner's Emergency Motion for Reconsideration will be granted.[1]

## I. BACKGROUND

Petitioner, a citizen of El Salvador, was arrested for driving without a license on January 28, 2026, and booked into the Orange County Jail ("Jail"). (Doc. 1 at 2, 26). Thereafter, Respondents detained Petitioner at the Jail until on or about February 4, 2026. (*Id*. at 24-25); *see also* Doc. 6 at 2. On February 5, 2026, Petitioner, through counsel, filed the Petition challenging his immigration detention. (*Id.*)

Since February 5, 2026, Petitioner has been detained at Krome North Service Processing Center ("Krome") in Miami, Florida. *See* Doc. No. 6 at 2. Because the Petition was filed on February 5, 2026, the date that Petitioner was transferred to Krome, the Court ordered the case to be transferred to the Miami Division of the United States District Court for the Southern District of Florida. *See* Doc. 7.

## II. MOTION FOR RECONSIDERATION

Petitioner seeks reconsideration of the Order of Transfer (Doc. 7), arguing, among other things, that at the time the Petition was filed at 12:34 a.m. on February

---

[1] The Court erroneously granted the Petition when only intending to grant the Emergency Motion for Reconsideration. Per this Amended Order, the Petition remains pending.

5, 2026, his transfer to custody at Krome had not occurred. (Doc. 8 at 2-6.) Petitioner notes that he was not booked into Krome until 2:40 a.m., and therefore, the Court's transfer was based on a clear factual error. (*Id.*)

Conversely, Respondents maintain that it is most likely that when the Petition was filed, Petitioner was in the Southern District of Florida. Respondents note that Petitioner was booked out of the Jail at 7:57 p.m. on February 4, 2026, the typical drive time between the Jail and Krome is between three hours and forty minutes and four hours and twenty minutes, and only approximately one hour of this drive time is within the Middle District of Florida. (Doc. 12 at 2-3.)

"Reconsideration of a Court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Amer. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). Federal Rule of Civil Procedure 59 permits courts to grant reconsideration based on "'newly-discovered evidence or manifest errors of law or fact.'" *Anderson v. Fla. Dep't of Envitl. Prot.*, 567 F. App'x 679, 680 (11th Cir. 2014) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "A manifest error is one that amounts to a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Shuler v. Garrison*, 718 F. App'x 825, 828 (11th Cir. 2017) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th

Cir. 2000)). "A movant 'cannot use a Rule 59(e) motion to relitigate old matters' or 'raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Levinson v. Landsafe Appraisal Services, Inc.*, 558 F. App'x 942, 946 (11th Cir. 2014) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

"The Supreme Court has made clear 'the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.'" *Ozturk v. Hyde*, 136 F.4th 382, 391 (2d Cir. 2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). "'[W]hen the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.'" *Id.* at 392 (quoting *Padilla*, 542 U.S. at 443 and explaining *Ex parte Endo*, 323 U.S. 283 (1944) stands for this limited proposition).

"Where a custodian is unknown, a petitioner is permitted to rely on the reasonable information available and sue the ascertainable respondent, even if it later turns out to be erroneous." *Flores-Linares v. Bondi*, No. 26-CV-00298-SJB, 2026 WL 179208, at *4 (E.D.N.Y. Jan. 22, 2026) (citing *Ozturk*, 136 F.4th at 392). Some courts have applied the "unknown custodian" principle in the analogous situation when the district of confinement was unknown. *See id.* ("If the Petitioner was in New

Jersey at precisely 9:15 p.m. on January 17th, anyone 'seeking to act on Petitioner's behalf could [not] have known that at the time of filing.' And in such a situation, the last known district of confinement—on the day in question—is an appropriate place to file a habeas petition.") (citation omitted); *see also Valdes Acevedo v. Nassau Cnty. Corr. Ctr.*, No. 2:26-CV-250 (NJC), 2026 WL 184645, at *9 (E.D.N.Y. Jan. 24, 2026) ("Both [the petitioner's] location and custodian were unknown at the moment the Petition was filed, warranting application of the unknown-custodian exception recognized by *Padilla*, 542 U.S. at 450 n.18, and applied by the Second Circuit in the immigration detention context, *Ozturk II*, 136 F.4th at 392–93. Under this rule, the district of confinement and the only district that can resolve the Petition is the last known place of detention: the Eastern District of New York.").

Here, although the Petition was filed on February 5, 2026, the date that Petitioner was placed in custody at Krome, his last known location before the Petition was filed was the Jail. Although Respondents theorize that Petitioner likely was in the Southern District at 12:34 a.m., when the Petition was filed, there are no facts in the record establishing where he actually was when the Petition was filed. Further, until Petitioner was booked into Krome at 2:40 a.m., it is unclear who his custodian was. As such, it is unknown what Petitioner's district of confinement was or who Petitioner's custodian was when the Petition was filed at 12:34 a.m. Moreover, there is no indication that Petitioner's counsel or family could have

ascertained his location or custodian at that time. Under these circumstances, the Court concludes that "it is impossible here to identify the precise district in which [Petitioner] was detained at the time the Petition was filed. Therefore, 'habeas venue properly lies in the last-known location of detention' in light of the Supreme Court's holding in *Padilla* that there is only one appropriate district in which a habeas petition could be brought." *Valdes Acevedo*, 2026 WL 184645, at *10 (quoting *Padilla*, 542 U.S. at 443).

Accordingly, the Court finds that Petitioner has "made a preliminary showing of" a manifest error of fact, and Petitioner's Emergency Motion for Reconsideration of Order of Transfer (Doc. 8) will be granted, the February 17, 2026 Order of Transfer (Doc. 7) will be vacated, and an evidentiary hearing will be held on the appropriateness of the transfer.[2]

### III. ANALYSIS

Petitioner, a citizen of El Salvador, entered the United States illegally in 2013. (Doc. 1 at 26); *see also* Doc. 6-1 at 3. He has resided in the United States since that time and has a ten-year-old daughter who is a United States' citizen. (Doc. 1 at 26.) On January 28, 2026, Petitioner was arrested for driving without a license and booked into the Jail. (*Id.* at 2, 26). An Immigration Detainer-Notice of Action was executed and served on Petitioner on January 28, 2026. (Doc. 6-1 at 3.) Petitioner

---

[2] The Court also amended this paragraph.

posted bond for the traffic offense on January 29, 2026, but he was not released. (Doc. 1 at 2.)

A Notice to Appear was issued on January 30, 2026, and was personally served on Petitioner on February 1, 2026. (Doc. 6-2 at 2-3.) On February 2, 2026, Petitioner acknowledged receipt of a Notice of Custody Determination and requested review from an immigration judge. (Doc. 6-3 at 2.) Petitioner was detained under 8 U.S.C. § 1225. (Doc. 6 at 4) (Government reasoning that 8 U.S.C. § 1225 applies to Petitioner's detention because he entered the United States at the border without inspection and without any legal immigration status). On February 5, 2026, Petitioner filed this case, alleging that he was being detained unlawfully, and seeking immediate release.

As acknowledged by the Government, *see* Doc. 6 at 2-4, this Court has concluded, like most courts, that "[§] 1225 applies to aliens seeking entry into the United States, while [§] 1226 applies to 'aliens already present in the United States." *Alexis Lopez Rojas v. Warden*, *Orange Cnty. Jail*, Case No. 6:26-cv-182-CEM-NWH, Doc. 15 at 3 (M.D. Fla. Feb. 6. 2026) (internal quotation marks omitted) (quoting *Rivero v. Mina*, No. 6:26-cv-66-RBD-NWH, 2026 WL 199319, at *3 (M.D.

Fla. Jan. 26, 2026)). Consequently, Petitioner, who has been present in the United States since 2013, was not lawfully detained under § 1225.[3]

Further, the Court declines to consider whether Petitioner should be detained under § 1226, given that Respondents maintain that Petitioner was detained under § 1225. As the Court has previously opined, "[i]t is not the Court's place to dictate to the executive branch what statute they have detained someone under. It is only the Court's job to determine whether that detention is lawful." *Rojas*, Case No. 6:26-cv-182-CEM-NWH, Doc. 15 at 4-5.

### IV. CONCLUSION

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's Emergency Motion for Reconsideration of Order of Transfer (Doc. 8) is **GRANTED**. The February 17, 2026 Order of Transfer (Doc. 7) is **VACATED**.

2. This matter is set for oral argument on **Monday, April 6, 2026 at 9:30 AM,** as to whether the Court's transfer was based on a clear factual error. One hour is reserved for this hearing.

3. The Clerk of Court is **DIRECTED** to electronically send a copy of this

---

[3] Respondents also make a cursory jurisdiction and exhaustion arguments (Doc. 6 at 4), which consist of less than a sentence and provide no analysis. The Court will not consider such underdeveloped and unsupported arguments. Moreover, these arguments appear to be universally rejected. *See Guaiquire v. Quinones*, No. 6:26-CV-169-RBD-RMN, 2026 WL 279369, at *2 n.5 (M.D. Fla. Feb. 3, 2026); *see also Cetino v. Hardin,* No. 2:25-CV-1037-JES-DNF, 2025 WL 3558138, at *2 (M.D. Fla. Dec. 12, 2025).

Order today, March 31, 2026, to the United States Attorney's Office in Orlando, Florida, to Counsel for Respondent, and to the other parties as indicated below.

**DONE** and **ORDERED** in Orlando, Florida on March 31, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Office of the United States Attorney
400 W. Washington Street
Suite 3100
Orlando, Florida 32801
USAFLM.Orlando2241@usdoj.gov

Warden, Krome North SPC
18201 S.W. 12th Street
NA
Miami, Florida 33194
**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov
**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov

Orange County Jail / Warden's Office (main office email):
michele.carpentieree@ocfl.net

Orange County Sheriff's Office – Legal Services (main office email): so-as-legalservices@ocsofl.com; OCCDRecords@ocfl.net

Kristi Noem, Secretary,
Office of the General Counsel,
United States Department of Homeland Security
2707 Martin Luther King, Jr. Ave, SE
Washington, D.C., 20528

Garrett Ripa, Miami Field Office Director,
United States Immigration and Customs Enforcement
865 SW 78th Avenue
Suite 101
Plantation, Florida, 33324

United States Immigration and Customs Enforcement Field Office
Attn Assistant Field Office Directors
MIAAOR-Habeas-DG@ice.dhs.gov

Warden, Orange County Jail
Corrections Administration,
3273 Vision Blvd,
Orlando, Florida, 32839