UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JUAN CARLOS FLORES MARCIA,**

       **Petitioner,**

**v.**                                      **Case No.:  6:26-cv-290-CEM-LHP**

**LOUIS A. QUINONES, JR.,
WARDEN OF ORANGE COUNTY
JAIL; GARRETT RIPA, FIELD
OFFICE DIRECTOR OF
ENFORCEMENT AND REMOVAL
OPERATIONS, MIAMI, FIELD
OFFICE, IMMIGRATION AND
CUSTOMS ENFORCEMENT;
KRISTI NOEM, SECRETARY, U.S.
DEPARTMENT OF HOMELAND
SECURITY; PAMELA JO BONDI,
U.S. ATTORNEY GENERAL; and
U.S. DEPARTMENT OF
HOMELAND SECURITY,
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW,**

       **Respondents.**

_____/

**ORDER**

THIS CAUSE is before the Court on Petitioner Juan Carlos Flores Marcia's

Petition for Writ of Habeas Corpus ("Petition," Doc. 1) under 28 U.S.C. § 2241.

Respondents filed a Response in Opposition to the Petition (Doc. 6). On April 6,

2026, the Court conducted a hearing regarding the appropriateness of the transfer of

this case to the United States District Court for the Southern District of Florida. No

additional evidence was presented to refute that Petitioner was in this district when the Petition was filed. The Court, therefore, retains jurisdiction over this case and will grant the Petition.

## I. BACKGROUND

Petitioner, a citizen of El Salvador, was arrested for driving without a license on January 28, 2026, and booked into the Orange County Jail ("Jail"). (Doc. 1 at 2, 26). Thereafter, Respondents detained Petitioner at the Jail until on or about February 4, 2026. (*Id*. at 24-25); *see also* Doc. 6 at 2. On February 5, 2026, Petitioner, through counsel, filed the Petition challenging his immigration detention. (*Id.*).

Since February 5, 2026, Petitioner has been detained at Krome North Service Processing Center ("Krome") in Miami, Florida. *See* Doc. 6 at 2. Because the Petition was filed on February 5, 2026, the date that Petitioner was transferred to Krome, the Court ordered the case to be transferred to the Miami Division of the United States District Court for the Southern District of Florida. *See* Doc. 7. On March 31, 2026, however, the Court vacated the order of transfer because when the Petition was filed, Petitioner's last-known location of detention was the Orange County Jail. (Doc. 16 at 3-6). No evidence was presented at the evidentiary hearing on April 6, 2026, establishing that Petitioner was not in this district when the Petition was filed. The Court, therefore, considers the merits of the Petition.

## II. ANALYSIS

Petitioner, a citizen of El Salvador, entered the United States illegally in 2013. (Doc. 1 at 26); *see also* Doc. 6-1 at 3. He has resided in the United States since that time and has a ten-year-old daughter who is a United States' citizen. (Doc. 1 at 26.) On January 28, 2026, Petitioner was arrested for driving without a license and booked into the Jail. (*Id.* at 2, 26). An Immigration Detainer-Notice of Action was executed and served on Petitioner on January 28, 2026. (Doc. 6-1 at 3.) Petitioner posted bond for the traffic offense on January 29, 2026, but he was not released. (Doc. 1 at 2.)

A Notice to Appear was issued on January 30, 2026, and was personally served on Petitioner on February 1, 2026. (Doc. 6-2 at 2-3.) On February 2, 2026, Petitioner acknowledged receipt of a Notice of Custody Determination and requested review from an immigration judge. (Doc. 6-3 at 2.) Petitioner was detained under 8 U.S.C. § 1225. (Doc. 6 at 4) (Government reasoning that 8 U.S.C. § 1225 applies to Petitioner's detention because he entered the United States at the border without inspection and without any legal immigration status).

As acknowledged by the Government, *see* Doc. 6 at 2-4, this Court has concluded, like most courts, that "[§] 1225 applies to aliens seeking entry into the United States, while [§] 1226 applies to 'aliens already present in the United States." *Lopez Rojas v. Warden*, *Orange Cnty. Jail*, No. 6:26-cv-182-CEM-NWH, Doc. 15 at 3 (M.D. Fla. Feb. 6. 2026) (internal quotation marks omitted) (quoting *Rivero v. Mina*, No. 6:26-cv-66-RBD-NWH, 2026 WL 199319, at *3 (M.D. Fla. Jan. 26,

2026)). Consequently, Petitioner, who has been present in the United States since 2013, was not lawfully detained under § 1225.[1]

Further, the Court declines to consider whether Petitioner should be detained under § 1226, given that Respondents maintain that Petitioner was detained under § 1225. As the Court has previously opined, "[i]t is not the Court's place to dictate to the executive branch what statute they have detained someone under. It is only the Court's job to determine whether that detention is lawful." *Rojas*, Case No. 6:26-cv-182-CEM-NWH, Doc. 15 at 4-5. And here, Petitioner's detention is not lawful. Consequently, the Petition (Doc. 1) will be granted as follows.

### III. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

2. Respondents, and all other persons or entities acting in active concert or participation with them, are **DIRECTED** to immediately release Petitioner Juan Carlos Flores Marcia.

3. Respondents, and all other persons or entities acting in active concert or participation with them, are **PERMANENTLY RESTRAINED** and

---

[1] Respondents also make a cursory jurisdiction and exhaustion arguments (Doc. 6 at 4), which consist of less than a sentence and provide no analysis. The Court will not consider such underdeveloped and unsupported arguments. Moreover, these arguments appear to be universally rejected. *See Guaiquire v. Quinones*, No. 6:26-CV-169-RBD-RMN, 2026 WL 279369, at *2 n.5 (M.D. Fla. Feb. 3, 2026); *see also Cetino v. Hardin,* No. 2:25-CV-1037-JES-DNF, 2025 WL 3558138, at *2 (M.D. Fla. Dec. 12, 2025).

**ENJOINED** from detaining Petitioner Juan Carlos Flores Marcia under 8 U.S.C. § 1225.

4. Respondents, and all other persons or entities acting in active concert or participation with them, are **TEMPORARILY RESTRAINED** and **ENJOINED** from detaining Petitioner Juan Carlos Flores Marcia under 8 U.S.C. § 1226(a) until at least **April 21, 2026**.

5. If Respondents later detain Petitioner Juan Carlos Flores Marcia under § 1226(a), Respondents are **DIRECTED** to release him within ten days of his detainer unless he is provided with a bond hearing before an immigration judge during that ten-day period.

6. The Court retains jurisdiction over this case. If Respondents fail to comply with this Order, Petitioner may move to reopen this case.

**DONE** and **ORDERED** in Orlando, Florida on April 7, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Office of the United States Attorney
400 W. Washington Street
Suite 3100
Orlando, Florida 32801
USAFLM.Orlando2241@usdoj.gov

Warden, Krome North SPC
18201 S.W. 12th Street
NA
Miami, Florida 33194
**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov
**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov

Orange County Jail / Warden's Office (main office email):
michele.carpentieree@ocfl.net

Orange County Sheriff's Office – Legal Services (main office email):
so-as-legalservices@ocsofl.com; OCCDRecords@ocfl.net

Secretary, Office of the General Counsel
United States Department of Homeland Security
2707 Martin Luther King, Jr. Ave, SE
Washington, D.C., 20528

Garrett Ripa, Miami Field Office Director,
United States Immigration and Customs Enforcement
865 SW 78th Avenue
Suite 101
Plantation, Florida, 33324

United States Immigration and Customs Enforcement Field Office
Attn Assistant Field Office Directors
MIAAOR-Habeas-DG@ice.dhs.gov